IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND EARL CARR, (TDCJ-CID #676763) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION NO. H-15-1992 |
| WILLIAM STEPHENS, *et al.*, Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Raymond Earl Carr, a Texas Department of Criminal Justice inmate, sued in June 2015, alleging civil rights violations resulting from sexual harassment and excessive force. Carr, proceeding pro se and *in forma pauperis,* sues prison officials at the Polunsky Unit and prison administrators working in Huntsville, Texas. The threshold issue is whether Carr's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

Carr alleges that on May 21, 2015, Officer Palmer made sexual gestures toward him while escorting him to the showers. When Carr resisted, Officer Palmer tried to push him to the floor. Prison officials later charged Carr with causing a disturbance. Carr seeks $250,000.00 in compensatory damages, $150,000.00 in punitive damages, and an injunction ordering that he be placed in protective custody.

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Carr's litigation history reveals that before filing this

action, he had at least one suit and two appeals dismissed as frivolous. *Carr v. Norwood*, Appeal No. 02-20162 (dismissed as frivolous on July 18, 2002)(5th Cir.); *Carr v. Galloway*, 01-41150 (dismissed as frivolous on June 18, 2002)(5th Cir.); and *Carr v. Norwood*, 4:01cv3553 (dismissed as frivolous on October 30, 2001)(S.D. Tex.). In the present case, Carr has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. He is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Carr's motion to proceed as a pauper, (Docket Entry No. 2), is denied. The complaint filed by Raymond Earl Carr (TDCJC-ID #676763) is dismissed under 28 U.S.C. § 1915(g).[1] All pending motions are denied. Carr is warned that continued frivolous filings may result in the imposition of sanctions.

The TDCJ-CID must deduct twenty percent of each deposit made to Carr's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

  (3)  the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

  SIGNED on July 17, 2015, at Houston, Texas.

                    _____
                         Lee H. Rosenthal
                       United States District Judge